T.C. Memo. 1998-33


UNITED STATES TAX COURT


BENJAMIN H. SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14945-96.                    Filed January 27, 1998.


Benjamin H. Smith, pro se.

<u>Ron J. Mizrachi</u>, for respondent.


MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) of the Code and Rules 180, 181, and 182.  All section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in and accuracy-related penalties on petitioner's Federal income taxes as follows:

|  |  | Accuracy-Related Penalty |
| --- | --- | --- |
| Year | Deficiency | Sec. 6662(a) |
| 1992 | $3,122 | $624 |
| 1993 | 3,138 | 628 |

The Court must decide: (1) Whether petitioner is entitled to deduct Schedule C expenses; (2) whether petitioner is entitled to additional itemized deductions; (3) whether petitioner is entitled to deduct rental expenses; and (4) whether petitioner is liable for the accuracy-related penalties under section 6662(a).

Some of the facts have been stipulated and are so found. Petitioner resided in New York, New York, when his petition was filed.

During the taxable years in issue, petitioner was a teacher for the New York City Board of Education. Petitioner also was an attorney admitted to practice in the State of Connecticut. Petitioner's solo law practice was located in Bridgeport, Connecticut. During 1992 and 1993, petitioner was involved in the litigation of two civil cases on a contingency-fee basis. One case involved a medical malpractice claim in which petitioner claimed his client sought damages, and the case eventually was settled for $70,000 in 1995. The other case involved a personal injury claim against the State of Connecticut. The amount of damages sought was $248,000.

On his Form 1040, U.S. Individual Income Tax Return, petitioner reported $32,281 in 1992 and $37,030 in 1993, in gross

income from his job as a teacher.  On his 1992 and 1993 Schedules C, Profit or Loss From Business, petitioner reported total gross receipts of $3 and $5, respectively, from his law practice, and claimed business expenses of $29,351 and $28,587, respectively.

Respondent disallowed the Schedules C expenses because petitioner had not established that the expenses were ordinary and necessary business expenses and that they were paid or incurred.  Respondent's alternative position was that petitioner's activity was "not engaged in for profit" within the meaning of section 183.  Respondent also reduced petitioner's taxable income by $8,556 for 1992 and $8,242 for 1993, because petitioner's verified itemized deductions exceeded his standard deductions as shown on his returns.  Finally, respondent determined that petitioner was liable for the accuracy-related penalties due to negligence.

The Commissioner's determinations are presumed correct, and the taxpayer bears the burden to prove that those determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are strictly a matter of legislative grace, and the taxpayer bears the burden to prove that he is entitled to the deductions claimed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Included within this burden

is the requirement that petitioner substantiate his claimed deductions. Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 6001 imposes upon every person liable for any tax a duty to maintain records that are sufficient to enable the Commissioner to determine the taxpayer's correct tax liability. Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965); sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) provides for the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Only ordinary and necessary business expenditures directly connected with or pertaining to the taxpayer's trade or business are deductible from gross income. Sec. 1.162-1(a), Income Tax Regs. Whether or not a payment constitutes an ordinary and necessary business expense is, in most instances, a question of fact.

After a review of the record, we conclude that petitioner failed to meet his burden of proof. Petitioner failed to produced any documentary or corroborative evidence to substantiate that the claimed expenses were ordinary and necessary, and that they were in fact paid or incurred in the course of his law practice.

At trial, petitioner testified that the reason he could not substantiate the expenses was that most of his records and receipts had been destroyed. Petitioner stated that the U-Haul trailer, which contained most of his records and receipts, became unhitched and overturned, destroying all of its contents.

We note for the record that petitioner failed to produce any evidence of the destruction of the trailer. Notwithstanding the lack of such evidence, we recognize that when a taxpayer's records have been lost or destroyed through circumstances beyond his control, he is entitled to substantiate a deduction by reconstruction of his expenditures through other credible evidence. Watson v. Commissioner, T.C. Memo. 1988-29. Absent the availability of further documentation, although not required to do so, this Court may accept credible testimony of a taxpayer. Watson v. Commissioner, supra.

On this record, we find that petitioner failed to provide any information or credible testimony regarding the expenses associated with his law practice. Petitioner provided no receipts, bills, journals, ledgers, canceled checks, or expense statements. Moreover, petitioner failed to reconstruct any portion of his expenses.

Instead, petitioner submitted to the Court copies of court pleadings involving the litigation of his two civil cases.

Petitioner argues that although he does not have any documents to evidence the expenses, the fact that he represented two clients in their protracted civil matters necessarily sustains the legitimacy and accuracy of the claimed expenses. Petitioner claims the accuracy of these expenses is supported by the extensive preparation, time, and energy involved, and the expenditure of huge sums of money for expert testimony, investigation, medical records, and research, in connection with his cases. We disagree.

This Court has held that unverified oral testimony, with no supporting documentary evidence is not enough. Hradesky v. Commissioner, supra. We consider it incredulous that petitioner could purportedly be so involved with the two civil cases, yet cannot even produce any corroborative evidence to support the expenses he allegedly incurred. We are cognizant of the difficulty petitioner may have in reconstructing his expenses. However, petitioner did not even attempt to convince the Court that he made any effort whatsoever to do so. Petitioner claimed that he expended huge sums of money, for example, to hire expert witnesses to testify. We are perplexed as to why he did not secure the testimony or affidavits of those expert witnesses to prove that he did pay for their services.

Petitioner also testified that he is a member of the State of Connecticut Bar. He further testified that he attended Continuing Legal Education seminars, Connecticut Bar Association seminars, and subscribed to the Connecticut Bar Journal. However, petitioner failed to submit any corroborative evidence regarding his dues or the costs of attending those seminars. Again, petitioner offered no testimony that he even attempted to reconstruct or obtain any receipts from those organizations.

Petitioner raises Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Petitioner argues that he is entitled to his claimed expenses despite the absence of any certainty as to the exact amount of those expenses. We conclude that the so-called Cohan rule has no application where, as here, the record lacks any basis for estimation. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Given the lack of any substantiating evidence, we cannot sustain any of petitioner's claimed expenses. Accordingly, we conclude that petitioner has not met his burden of proof for either year at issue. Respondent, therefore, is sustained. We need not decide respondent's alternative argument.

We must next decide whether petitioner is entitled to additional itemized deductions. In the notice of deficiency, respondent reduced petitioner's income by $8,556 and $8,242 for

1992 and 1993, respectively, which represents the excess of petitioner's verified itemized deductions of $12,156 and $11,942, respectively, over the standard deductions claimed by petitioner for those years.  Respondent concedes that during the Appeals conference, respondent allowed itemized deductions in the total amounts of $12,434 for 1992 and $12,273 for 1993.  However, the following itemized deductions were disallowed due to lack of substantiation:

|  | 1992 | 1993 |
|---|---|---|
| Safe deposit rental |  | $   119 |
| Moving expenses |  | 800 |
| Charitable contributions | $3,100 | 3,757 |
| Casualty/theft loss |  | 52,000 |
| Total | $3,100 | $56,676 |

On brief, petitioner mentioned without discussion the additional itemized deductions issue, but did not address this issue at trial.  Accordingly, we conclude that petitioner has conceded this issue.  Petitioner is not entitled to any itemized deductions other than those allowed by respondent.

Even though petitioner had not claimed rental expenses on his 1992 and 1993 returns, at trial he raised the issue that he was entitled to claim rental expenses as a lessor for those two years.  He admitted he rented the property for only two months in 1991.  He presented no credible evidence of any expenses for 1992 and 1993.  On this record, petitioner has failed to substantiate

any expenses for the 2 years in question. We find that petitioner is not entitled to any rental deductions.

Finally, we must decide whether petitioner is liable for the accuracy-related penalties under section 6662(a). Section 6662(a) imposes a penalty of 20 percent on any portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and disregard includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence also includes failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. The penalty does not apply, however, to any portion of an underpayment for which there was reasonable cause and with respect to which the taxpayer acted in good faith. Sec. 6664(c). The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into consideration all of the relevant facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Reasonable cause and good faith can be found in circumstances involving an honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer.

On the facts before us, we conclude that petitioner has failed to carry his burden of proof to establish that the underpayment was due to reasonable cause and not negligence. Petitioner has failed to maintain adequate books and records. Further, he has failed to provide any documents or corroborative evidence to substantiate any of the claimed expenses. Petitioner gave the Court no explanation as to why he did not make any attempts to reconstruct any records or receipts.

Petitioner is an attorney. He claims he has been in private practice for several years. Although petitioner contends that he lacks any proficiency with regard to the tax matters, we believe that as a member of the legal profession, he should have recognized the importance of substantiating his expenses. Petitioner was given ample time and opportunity to procure and reconstruct the necessary records and receipts. Petitioner chose not to do so. Accordingly, petitioner is liable for the section 6662(a) accuracy-related penalties.

To reflect the foregoing,

Decision will be entered

under Rule 155.
