T.C. Memo. 2005-253

UNITED STATES TAX COURT

ROBERT C. KOLBECK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7043-04.              Filed October 31, 2005.

Robert C. Kolbeck, pro se.

<u>Michael R. Skutley</u> and <u>Edwin Herrera</u>, for respondent.


MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's Federal income tax of $32,009 and an accuracy-

related penalty, pursuant to section 6662(a),[1] of $6,402 for 2000.

The issues for decision[2] are:

(1) Whether petitioner is entitled to the deductions he claimed on Schedule C, Profit or Loss From Business, of his 2000 return; and

(2) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

## Background

Petitioner resided in Anaheim, California, when his petition in this case was filed.

During 2000, petitioner was a trucker who worked both as a union employee and as an independent contractor for Consolidated Freightways, a trucking company. Consolidated Freightways permitted its employees to maintain records in an office at the end of its loading dock, and petitioner kept his business records there throughout 2000. Petitioner testified that he used these records in the preparation of his 2000 Federal income tax return.

---

[1]All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2]Respondent also determined an increase in petitioner's self-employment tax. The adjustment is computational and turns on our resolution of the Schedule C deduction issue.

Petitioner reported the income and expenses from his trucking activity on Schedule C, Profit or Loss From Business.

In 2002, Consolidated Freightways stopped using union labor and barred union members, including petitioner, from access to its premises. Petitioner was unable to retrieve the records that he left on the premises.

Sometime before January 27, 2003, respondent began an examination of petitioner's 2000 return. On January 27, 2003, petitioner and his representative, J.A. Mattatall,[3] met with

---

[3]Petitioner's 2000 return was prepared by J.A. Mattatall, an unenrolled agent, who, at the time of trial, had been enjoined by the United States directly or indirectly from "acting as a return preparer or assisting in or directing the preparation of federal tax returns for any person or entity other than himself, or further appearing as a representative on behalf of any person or organization whose tax liabilities [are] under examination by the IRS." United States v. Mattatall, No. CV 03-07016 DDP (PJWx), at 6 (C.D. Cal., Aug. 17, 2004) (order granting plaintiff's motion for contempt and second amended injunction of which we take judicial notice pursuant to Fed. R. Evid. 201). In a footnote to the order, the U.S. District Court for the Central District of California provided the following pertinent explanation:

> In support of its position, the Government attaches the transcript of an interview between the IRS and a taxpayer who brought Mattatall along as his tax preparer and representative. At the interview, * * * * [Mattatall] insisted that the taxpayer could choose to submit an affidavit that his tax return was correct, and that regardless of the IRS's request for documents or other information, the affidavit is all that the taxpayer need provide. The Government argues that Mattatall's position is frivolous, and the Court agrees. Section 7602 of the Internal Revenue Code authorizes the IRS to examine "any books, papers, records, or other data" which "may be relevant" to an

(continued...)

respondent's revenue agent to discuss the examination.  At the meeting, petitioner produced an "Affidavit of Facts of Robert Kolbeck" summarily declaring, among other things, that his entries on his 2000 Schedule C were accurate and correct. Because petitioner did not adequately substantiate his Schedule C expenses, respondent issued a report proposing to disallow all of the expenses.

Petitioner appealed respondent's proposed disallowance of his Schedule C expenses to respondent's Appeals Office.  An Appeals conference was scheduled, but petitioner did not attend the conference or make any effort to reschedule it.  On February 5, 2004, respondent issued a notice of deficiency in which he disallowed all of petitioner's Schedule C deductions for lack of substantiation as follows:

| Expense | Amount disallowed |
|---|---|
| Cost of sales | $33,798 |
| Advertising | 3,909 |
| Commissions and fees | 15,012 |
| Insurance | 4,698 |
| Rent/Lease - veh./mach./equip. | 14,819 |
| Rent/Lease - other | 3,900 |
| Taxes and licenses | 2,914 |
| Cell phone | 1,904 |
| Fuel | 14,983 |
| Other expenses | 429 |
| Repairs/Maintenance | 12,012 |
| Total | 108,378 |

---

3(...continued)
inquiry into "the correctness of any [tax] return."  26 U.S.C. §7602(a)(1).  * * * [Mattatall's] assertion that an affidavit is sufficient is unfounded.

Petitioner timely petitioned this Court to redetermine respondent's adjustments and the section 6662(a) penalty. On a date not specified in the record, petitioner requested a meeting with respondent's counsel to discuss the present case. Although a meeting was scheduled, petitioner failed to attend.

## Discussion

### Schedule C Deductions

#### Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, the burden of proof may shift to the Commissioner under section 7491(a) if the taxpayer has produced credible evidence relating to the tax liability at issue and has met his substantiation requirements, maintained required records, and cooperated with the Secretary's reasonable requests for documents, witnesses, and meetings.

Petitioner argues that the summary affidavit of facts he produced at the January 27, 2003, meeting is sufficient proof of his Schedule C deductions. We construe his argument, at least in part, to be that the affidavit is also sufficient under section 7491(a) to shift the burden of proof to respondent.

The affidavit that petitioner submitted to respondent and to this Court is not sufficient to satisfy the requirements in

section 7491(a) that petitioner introduce credible evidence, substantiate his deductions, and cooperate with respondent. See Higbee v. Commissioner, 116 T.C. 438, 445 (2001) (document summarizing amounts allegedly owed and paid as business expenses insufficient to shift burden); see also Davis v. Commissioner, T.C. Memo. 2005-160 (taxpayer's vague, conclusory, and general testimony insufficient to shift burden under section 7491(a)). The affidavit simply repeats the listing of deductions on the Schedule C and affirms that they are correct. The affidavit does not describe petitioner's trucking activity or explain the types of expenses generated by the activity. The affidavit does not contain any credible evidence that the deductions in question were actually paid or that the expenses were ordinary and necessary expenses and were reasonable in amount as required by section 162. The affidavit also contains no information to establish that requirements of other applicable Code sections, such as section 274, were satisfied.

We conclude that the requirements of section 7491(a) are not satisfied by the affidavit on which petitioner relies. Consequently, petitioner bears the burden of proving that he paid deductible expenses during 2000 in connection with his trucking activity.

Substantiation of Schedule C Deductions

Under section 162(a), a taxpayer may deduct ordinary and necessary business expenses incurred or paid during the taxable year. However, deductions are a matter of legislative grace, and the taxpayer must clearly demonstrate entitlement to the claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). A taxpayer must keep records sufficient to establish the amount of his deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

If the taxpayer claims a business expense deduction but cannot fully substantiate it, we may estimate the allowable amount. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, there must be sufficient evidence in the record to provide a basis for the estimate. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

For certain types of expenses, such as those for cellular telephones, automobiles, and trucks, section 274(d) overrides the rule of Cohan. See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Under section 274(d), a taxpayer must meet strict substantiation requirements before any of the listed expenses will be allowable. See also sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. We may not apply the Cohan rule to those expenses covered by section

274(d).  See Sanford v. Commissioner, supra at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Petitioner's position throughout this case has been that he has adequately substantiated his Schedule C expenses because his business records were destroyed and because he has stated under oath that the expenses he claimed on his Schedule C were correct. That position is wrong, and we reject it.  While we accept as true the fact that petitioner kept some records and that the records were lost or destroyed as a result of the actions of petitioner's former employer, petitioner still had an obligation to substantiate his deductions.  Petitioner made no effort to reconstruct his records or to submit any documentation to assist us in evaluating the credibility of his sworn statements.

Even if we assume for purposes of argument that petitioner incurred ordinary and necessary business expenses in connection with his trucking activity, petitioner has not provided us with a reasonable evidentiary basis upon which to estimate those expenses.  Petitioner testified at trial in very general terms regarding his advertising, fuel, broker's commission, cell phone, insurance, licenses and taxes, repairs, and rental expenses, but the testimony did not provide sufficient detail to permit us to estimate his expenses in these categories.  Petitioner offered no

testimony regarding his cost of sales other than his testimony that he paid his drivers in cash.

Because we do not disturb respondent's determination based solely on petitioner's self-serving testimony that the Schedule C deductions claimed are correct and accurate, we sustain respondent's determination disallowing petitioner's Schedule C deductions. See Geiger v. Commissioner, T.C. Memo. 1969-159, (citing Halle v. Commissioner, 7 T.C. 245, 247 (1946), affd. 175 F.2d 500 (2d Cir. 1949)), affd. 440 F.2d 688 (9th Cir. 1971); see also Tokarski v. Commissioner, 87 T.C. 74, 77 (1986) ("we are not required to accept the self-serving testimony of petitioner * * * as gospel").

Section 6662 Accuracy-Related Penalty

Section 6662 imposes an accuracy-related penalty upon any underpayment of tax resulting from negligence or disregard of the tax rules or regulations or from any substantial understatement of income tax. Negligence includes the failure of a taxpayer to keep proper records or to substantiate his reported expenses. Sec. 1.6662-3(b)(1), Income Tax Regs. The penalty does not apply, however, to any portion of the underpayment for which there was reasonable cause and with respect to which the taxpayer acted in good faith. Sec. 6664(c)(1); sec. 1.6664-4(b), Income Tax Regs.

Respondent contends that petitioner was negligent in underpaying his income taxes and that he acted without reasonable cause and good faith. Petitioner counters that, because his records were missing, he had reasonable cause for and acted in good faith regarding the alleged underpayment.

Under section 7491(c), the Commissioner has the burden of production where a penalty is imposed. To satisfy this burden, the Commissioner must produce sufficient evidence to show that the relevant penalty is appropriate but does not need to produce evidence relating to defenses such as reasonable cause or substantial authority. Higbee v. Commissioner, 116 T.C. at 446. Once the Commissioner satisfies his burden of production, the taxpayer has the burden of producing evidence sufficient to show the Commissioner's determination is incorrect. Id. at 447.

In this case, respondent has satisfied his burden of production due to petitioner's failure to substantiate his Schedule C deductions. Failure to substantiate deductions as required by sections 274 and 6001 may be negligent conduct within the meaning of section 6662. See, e.g., Schladweiler v. Commissioner, T.C. Memo. 2000-351, affd. 28 Fed. Appx. 602 (8th Cir. 2002). Petitioner is required, therefore, to prove that he had reasonable cause for the underpayment and that he acted in good faith with respect to the underpayment. Sec. 6664(c).

The unexpected loss of records beyond the taxpayer's control does not preclude a taxpayer from substantiating deductions by alternate means. See Brown v. Commissioner, T.C. Memo. 1996-43 ("when a taxpayer's records have been lost or destroyed through circumstances beyond his control, he is entitled to substantiate the deductions by reconstructing his expenditures through other credible evidence"); 6 Administration, Internal Revenue Manual (CCH), sec. 20.1.1.3.1.2.5, at 45,014 (Aug. 20, 1998).[4]  The most

---

[4]The Internal Revenue Manual contains the following instructions for evaluating a taxpayer's inability to obtain records as it bears on the taxpayer's claim that he had reasonable cause for an underpayment:

(1)  Explanations relating to the inability to obtain the necessary records may constitute reasonable cause in some instances, but may not in others.

(2)  Consider the facts and circumstances relevant to each case and evaluate the request for penalty relief.

(3)  If the taxpayer was unable to obtain records necessary to comply with a tax obligation, the taxpayer may or may not be able to establish reasonable cause.  Reasonable cause may be established if the taxpayer exercised ordinary business care and prudence, but due to circumstances beyond the taxpayer's control they were unable to comply.

(4)  Information to consider when evaluating such a request includes, but is not limited to an explanation as to:

   •    Why the records were needed to comply.

(continued...)

important factor in determining reasonable cause and good faith is the extent of the taxpayer's effort to assess his proper tax liability. Sec. 1.6664-4(b)(1), Income Tax Regs. We may give weight to a taxpayer's oral testimony regarding the fact and amount of his claimed deductions. <u>Patterson v. Commissioner</u>, T.C. Memo. 1972-82. However, we have declined to do so when the taxpayer did not make a good faith effort to reconstruct his expenses or provide any documentation or corroborative evidence

---

[4](...continued)

- Why the records were unavailable and what steps were taken to secure the records.

- When and how the taxpayer became aware that they did not have the necessary records.

- If other means were explored to secure needed information.

- Why the taxpayer did not estimate the information.

- If the taxpayer contacted the Service for instructions on what to do about missing information.

- If the taxpayer promptly complied once the missing information was received; and

- Supporting documentation such as copies of letters written and responses received in an effort to get the needed information.

6 Administration, Internal Revenue Manual (CCH), sec. 20.1.1.3.1.2.5, at 45,014 (Aug. 20, 1998).

to establish the credibility of his testimony.  See Smith v. Commissioner, T.C. Memo. 1998-33.

In this case, petitioner failed to take any steps to recreate his records, and he intentionally avoided communications with respondent.  Although petitioner could have reconstructed at least some of his expenses if he had made a good faith effort to do so, petitioner did not make a meaningful attempt to contact third parties who might have been able to verify the nature and amount of his Schedule C expenses and/or provide copies of invoices and receipts for such expenses.  At trial, petitioner did not produce any receipts, invoices, or other credible evidence, including third-party testimony, to support his Schedule C expense deductions.  Additionally, although petitioner attempted to estimate his expenses at trial at the prompting of this Court,[5] his recollection was too vague and imprecise for the Court to make a reasonable estimate.  See, e.g., Schaefer v.

---

[5]For example, petitioner testified that he owned and operated five trucks yet he took no steps to produce the records necessary to verify that he owned five trucks during 2000 or his basis in the vehicles.  He did not obtain duplicate records from his insurance company to substantiate his insurance payments.  He made no effort to reconstruct his fuel receipts by contacting the companies from which he purchased fuel, and he did not call any witnesses who might have verified that he purchased fuel during 2000.  Although petitioner testified that he paid commissions to brokers for referrals during 2000, he could not identify how much he paid the brokers, and he did not call any of the brokers as witnesses.  He did not attempt to get duplicate copies of the checks he used to pay the commissions from his bank.  He did not even produce a duplicate receipt for the union dues he testified he paid.

<u>Commissioner</u>, T.C. Memo. 1998-163, affd. without published opinion 188 F.3d 514 (9th Cir. 1999).

Because the underpayment is attributable to negligence of petitioner and he has not proven that he had reasonable cause for the underpayment and acted in good faith regarding the underpayment, we sustain respondent's determination that petitioner is liable for the accuracy-related penalty.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.