T.C. Memo. 2016-93

UNITED STATES TAX COURT

LISA A. NKONOKI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13282-13.                    Filed May 10, 2016.

R disallowed deductions P claimed on Schedule C of her 2009
Federal income tax return for gifts and travel, moving and storage,
passenger automobile, cellular telephone, and other expenses.  To
sanction P for her violation of the Court's order to provide R by a
specified date with documents to substantiate expenses relating to her
deductions, the Court did not allow P to introduce those documents at
trial.

Held:  P's testimony alone did not meet the substantiation
requirements of I.R.C. sec. 274(d) applicable to her gifts and travel,
automobile, and cellular telephone expenses.

Held, further, in regard to the remaining deductions in issue, P's
testimony was adequate to substantiate only her moving and storage
expenses.

Held, further, P is liable for the I.R.C. sec. 6662(a) accuracy-
related penalty R asserts only if her underpayment is attributable to a

[*2] substantial understatement of income tax, within the meaning of I.R.C. sec. 6662(d)(1)(A); because P's failure to introduce documents to substantiate her disputed expenses was due to the Court's sanction, it did not establish negligence.

Lisa A. Nkonoki, pro se.

Marissa J. Savit and Rebekah A. Myers, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, Judge: By notice of deficiency dated March 13, 2013, respondent determined a deficiency of $21,557 in petitioner's 2009 Federal income tax and an accuracy-related penalty for that year of $4,311. On brief, respondent concedes that petitioner is entitled to a child care credit of $600 that reduces the deficiency to $20,957 and the penalty to $4,191. We must decide whether petitioner (1) has adequately substantiated expenses relating to deductions she claimed on Schedule C, Profit or Loss From Business, which respondent disallowed, and (2) is liable for the reduced penalty that respondent now asserts. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2009, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all dollar amounts to the nearest dollar.

[*3]                              FINDINGS OF FACT

When petitioner timely filed her petition in this case, she resided in Connecticut. During 2009, she conducted business under the name "Live Your Dreams Life Coaching and Family Advocacy". For most of the year, petitioner did not maintain a fixed office. Instead, she worked out of her car and hotel rooms.

The Deductions in Issue

Petitioner's 2009 Federal income tax return included a single Schedule C. Among the expenses petitioner reported on that schedule were $22,396 of car and truck expenses, travel expenses of $20,429, and $22,825 of "Other expenses". A supporting schedule details the "Other expenses" as follows:

| Item | Amount |
| --- | --- |
| Moving and storage | $5,858 |
| Telephone | 6,140 |
| Bank fees and charges | 800 |
| Postage, shipping, and fax | 4,252 |
| Printing and photography | 800 |
| Dues and subscriptions | 1,300 |
| Gifts | 1,000 |
| Marketing | 2,675 |
| Total | 22,825 |

**[*4]**    The car and truck expenses petitioner reported on her Schedule C relate to her Mercedes automobile and various rental cars, and the telephone expenses relate to cellular telephones.

The $21,557 deficiency that respondent determined in petitioner's 2009 Federal tax is the difference between petitioner's total corrected tax liability of $51,171 and the $29,614 total tax shown on her return.  The deficiency results principally from respondent's disallowance of the deductions petitioner claimed on her Schedule C for travel, car and truck, and "Other" expenses.

Petitioner's Failure To Cooperate in the Preparation of Her Case

Petitioner did not submit a pretrial memorandum and repeatedly failed to provide respondent with requested documents to substantiate expenses relating to the deductions in issue.  Consequently, upon respondent's motion, we ordered petitioner to provide those documents on or before August 22, 2014.  She failed to do so, providing respondent with none of the requested documentation until September 17, 2014--less than 14 days before the scheduled trial date of September 29.

Petitioner failed to appear when her case was called from the calendar on September 29, 2014, or when it was recalled on October 1, 2014, two days later. When recalled, the case was set for trial at 10 a.m. on October 2, 2014, the

**[\*5]** following day.  Again, petitioner failed to appear at the scheduled time.  When she remained absent upon the recall of her case an hour later, we resolved to grant respondent's motion to dismiss for failure to properly prosecute.  When petitioner finally appeared two hours after the scheduled time for trial, we vacated the order granting respondent's motion and proceeded to try the case.

At the conclusion of trial, we ordered the parties to file opening briefs by December 16, 2014.  The Court received respondent's opening brief on December 10, 2014.  Having received no opening brief from petitioner, on January 9, 2015, we ordered her to file an opening brief by January 20, 2015.  She failed to meet that deadline and, consequently, was precluded from filing an opening brief.[1]

To sanction petitioner for her violation of the Court's order that she provide to respondent's counsel by August 22, 2014, documents to substantiate the expenses relating to deductions that respondent had disallowed, we did not allow petitioner to introduce those documents into evidence.

Petitioner's Testimony

Because of the sanction we imposed on petitioner, the only evidence she offered at trial to substantiate the disputed expenses was her own testimony.  She described the moving and storage expenses she deducted on Schedule C of her

---

[1]Neither petitioner nor respondent filed an answering brief.

[*6] return as fees paid for storage units where she kept additional computers, client files and records, and other property related to her business. She needed to rent storage space for those items, she said, because she did not maintain a fixed office for most of the year.

Petitioner characterized the bank fees and charges as "all the fees, whatever the bank would charge", including overdraft charges when "[a] couple of clients" wrote checks that were not covered by sufficient funds. She insisted that all of the fees related to a business account and not a personal account.

Petitioner claimed that the postage, shipping, and fax expenses related to her use of a UPS Store as, in effect, an auxiliary office, where she used a computer, had documents printed, and received packages. She described the printing and photography expense as "Printing, again, printing out documents." She suggested that at least some of the printing related to advertising and marketing campaigns.

The only example petitioner gave of an amount included in her deduction for dues and subscriptions was an associate membership in the American Bar Association. Petitioner admitted that she was not an attorney and did not explain how associate membership in a trade association for attorneys served her life coaching and family advocacy business. She provided no further information about the dues and subscriptions included in the amount she deducted.

**[*7]** Petitioner identified two categories of expenses included in the $2,675 she deducted as marketing costs: "clothing or the things to make appearances" and fees paid for Internet and Web site restructuring.

Petitioner admitted that she lacked contemporaneous records to substantiate her travel expenses and did not have with her at trial any log books documenting her use of automobiles for business purposes. She claimed to have provided a log book to the accountant who prepared her return but had not received it back from the accountant.

OPINION

I.     Introduction

At the outset, we note that petitioner has given us ample grounds to dismiss her case under Rule 123(b) in regard to the substantiation issue or enter a default judgment against her under Rule 123(a). Rule 123(a) allows us to enter a default judgment against a party who fails to plead or otherwise proceed as required by the Rules. Rule 123(b) allows us to dismiss a taxpayer's case and enter a decision against her for sufficient cause, including a failure to properly prosecute or comply with the Rules or with any order of the Court. In Stringer v. Commissioner, 84 T.C. 693, 706 (1985), aff'd without published opinion, 789 F.2d 917 (4th Cir. 1986), we concluded that the taxpayers' failure to file a brief as required by Rule

**[*8]** 151 constituted both a default that justified an adverse judgment under Rule 123(a) and a failure to properly prosecute that justified dismissal of the taxpayers' case under Rule 123(b) in regard to all issues on which they had the burden of proof.

Although petitioner's conduct in this case justifies the exercise of our authority under Rule 123, we decline to enter a default judgment or dismiss her case. Nonetheless, because of her failure to comply with Rule 151(e)(3) by filing an opening brief with proposed findings of fact or an answering brief stating any objections to respondent's proposed findings, we will accept respondent's proposed findings of fact to the extent they are not contradicted by the record.

II.    Substantiation

    A.    Burden of Proof

In general, the taxpayer bears the burden of proof. See Rule 142(a). Section 7491(a)(1) may shift the burden of proof to the Commissioner as to factual matters. However, section 7491(a)(1) applies only if, among other things, the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with the Commissioner's requests for witnesses, information, documents, meetings, and interviews. See sec. 7491(a)(2)(A) and (B). A taxpayer seeking to shift the burden of proof under section 7491(a)(1) has

**[\*9]** the burden of showing that she has satisfied the section 7491(a)(2) preconditions. E.g., Allnutt v. Commissioner, T.C. Memo. 2004-239, 2004 WL 2339813, at \*4.

Petitioner has failed to establish her compliance with the record maintenance requirement that is a prerequisite to shifting the burden of proof to the Commissioner and failed to cooperate with the Commissioner's requests for documents even after we ordered her to do so. Accordingly, petitioner bears the burden of proof.

B.     Petitioner's Entitlement to the Claimed Deductions

In general, section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". When called upon by the Commissioner, however, a taxpayer must substantiate her expenses. See, e.g., Park v. Commissioner, T.C. Memo. 2012-279, at \*4; see also sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

1.     Expenses Subject to Section 274(d)

Section 274(d) imposes heightened substantiation requirements for the deduction of specified expenses. Among the items to which section 274(d) applies are traveling expenses, expenses related to a passenger automobile or a cellular telephone, and gifts. Secs. 274(d)(1), (3), (4), 280F(d)(4)(A). Those expenses are

**[\*10]** not deductible unless the taxpayer substantiates the amount of the expense, the circumstances in which it was incurred, and the business purpose it served. See sec. 274(d). The required substantiation must be made "by adequate records or by sufficient evidence corroborating the taxpayer's own statement". Id. To meet the "adequate records" test, a taxpayer must "maintain an account book, diary, log, statement of expense, trip sheets, or similar record" that, together with other documentary evidence, establishes the required elements of the expenditure. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Because the "adequate records" test requires documentary evidence and the alternative "sufficient evidence" test requires "other corroborative evidence" in addition to the taxpayer's statement, id. subpara. (3)(i), 50 Fed. Reg. 46020, a taxpayer's testimony alone does not meet either test and thus is not sufficient to substantiate the deductibility of an expense to which section 274(d) applies.

Because of the sanction we imposed on petitioner for her violation of our order regarding the provision of documents to respondent's counsel, petitioner offered only her oral testimony to substantiate the expenses in issue. As a matter of law, her testimony alone cannot substantiate the travel expenses, car and truck expenses, telephone expenses, and gifts for which petitioner claimed deductions

**[*11]** on her Schedule C because those expenses are subject to the substantiation requirements of section 274(d).

2.    Other Expenses

Because of the rather unusual manner in which petitioner conducted her business, and her resulting need to rent storage space for business-related property, we find reasonable the $5,858 petitioner claimed as a deduction for moving and storage expenses and accept her explanation of the relationship of the claimed expenses to her business.  Thus, her testimony adequately substantiated that deduction.

By contrast, petitioner's testimony in regard to the other expenses not covered by section 274(d) lacked the specificity required to substantiate the deductions claimed.  In each case, petitioner offered only a vague, general description of the amount she deducted.  Her testimony thus did not establish that she incurred expenses in the amounts claimed or how those expenses related to her business.

In the case of expenses not covered by section 274(d), this Court may estimate the amounts of allowable deductions when there is evidence that the taxpayer incurred deductible expenditures.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  To do so, however, we must have some basis on which to

**[*12]** make an estimate. <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985). Petitioner testified only "in very general terms" regarding the bank fees and charges, postage, shipping and fax expenses, printing and photography expenses, dues and subscriptions, and marketing expenses for which she claimed deductions. Cf. <u>Kolbeck v. Commissioner</u>, T.C. Memo. 2005-253, 2005 WL 2848030, at *3. Thus, her testimony "did not provide sufficient detail to permit us to estimate * * * [her] expenses in * * * [those] categories." <u>Id.</u>

III.    <u>Accuracy-Related Penalty</u>

Section 6662(a) and (b)(1) provides for an accuracy-related penalty of 20% of the portion of an underpayment of tax attributable to negligence or disregard of rules and regulations. Section 6662(a) and (b)(2) provides for the same penalty on the portion of an underpayment of tax attributable to "[a]ny substantial understatement of income tax." Section 6662(d)(2)(A) generally defines the term "understatement" as the excess of the tax required to be shown on the return over the amount shown on the return as filed. In the case of an individual, an understatement is "substantial" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). An understatement is reduced, however, by the portion attributable to the treatment of an item for which the taxpayer had "substantial authority". Sec. 6662(d)(2)(B)(i). Section

[*13] 6664(c)(1) provides an exception to the imposition of the section 6662(a) accuracy-related penalty if it is shown that there was a reasonable cause for the underpayment and the taxpayer acted in good faith.

The Commissioner bears the burden of production with respect to penalties. See sec. 7491(c). To meet that burden, he must produce evidence regarding the appropriateness of imposing the penalty. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner carries his burden of production, however, the taxpayer bears the burden of proving that she is entitled to relief under section 6664(c)(1). See id. at 447.

A.    Substantial Understatement

The deficiency respondent determined for petitioner's 2009 taxable year far exceeds 10% of the total corrected tax liability shown on the notice of deficiency, even after adjustment for the child care credit respondent allowed. That 10% of the correct tax liability, in turn, is greater than $5,000. Although our allowance of petitioner's claimed deduction for moving and storage expenses will reduce her understatement, it appears likely that her understatement will still be substantial.

**[\*14]** We leave that determination, however, to the parties in their Rule 155 computations.[2]

B. Negligence

Section 1.6662-3(b)(1), Income Tax Regs., provides that "negligence" includes a "failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return." See also Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967) ("Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances."), aff'g in part, remanding in part 43 T.C. 168 (1964) and T.C. Memo. 1964-299. A "failure * * * to keep adequate books and records or to substantiate items properly" also constitutes negligence. Sec. 1.6662-3(b)(1), Income Tax Regs.

Respondent argues that petitioner's failure to substantiate any of the expenses relating to deductions he disallowed establishes her negligence. We disagree. Respondent observes that "petitioner failed to produce to the Court a single admissible document". Petitioner's failure in that regard, however, resulted from the sanction we imposed for her violation of our order to provide documents

---

[2]Having failed to file a brief, petitioner has made no argument that she had substantial authority for claiming the disallowed deductions or that she had reasonable cause for claiming them and acted in good faith in doing so.

[*15] to respondent's counsel by the specified due date. Thus, petitioner's failure to introduce documentary evidence to substantiate expenses relating to her claimed deductions does not establish that she lacked adequate substantiation when she filed her Federal income tax return for 2009. Because we did not allow petitioner to introduce documentary evidence, we cannot assess the adequacy of any documentation she may have provided to her return preparer. Petitioner admitted that she lacked some documents that might have been required to meet the substantiation requirements of section 274(d). While petitioner's admissions indicate that she might not have been able to substantiate her disputed expenses with the documents she had available at trial, we are reluctant to uphold a penalty on the basis of speculation about the state of the record had we allowed petitioner to introduce those documents.[3] On the basis of the record before us, respondent has not convinced us that imposition of a negligence penalty is appropriate. Therefore, we conclude that respondent has failed to meet the burden of

---

[3]Petitioner's lack of a log book, for example, would not have prevented her from meeting the substantiation requirements of sec. 274(d). While a log book is a requirement of the "adequate records" test, the alternative "sufficient evidence" test does not prescribe the form of evidence that can corroborate the taxpayer's statements. Sec. 1.274-5T(c)(2)(i), (3), Temporary Income Tax Regs., 50 Fed. Reg. 46017, 46020 (Nov. 6, 1985).

**[\*16]** production imposed on him by section 7491(c).  See <u>Higbee v.</u>

<u>Commissioner</u>, 116 T.C. at 446.

IV.    <u>Conclusion</u>

For the reasons explained above, we conclude that petitioner (1) was

entitled to deduct the $5,858 of moving and storage expenses she reported on

Schedule C of her 2009 return but was not entitled to the other deductions

respondent disallowed and (2) is liable for the accuracy-related penalty only if her

underpayment of tax for 2009 is attributable to a "substantial understatement of

income tax" within the meaning of section 6662(d)(1)(A).

<u>Decision will be entered under</u>

<u>Rule 155</u>.