Robert M. HEGER, Plaintiff,

v.

UNITED STATES, Defendant.

No. 11–134T.

United States Court of Federal Claims.

Jan. 20, 2012.

Robert M. Heger, pro se, Phelan, California.

Gregory S. Knapp, Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were John A. DiCicco, Principal Deputy Assistant Attorney General, Steven I. Frahm, Chief, and Mary M. Abate, Assistant Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

In this tax-refund case, plaintiff Robert M. Heger seeks the refund of $311,640.36 paid by a title company on his behalf to the Internal Revenue Service ("IRS") for taxes, penalties, and interest allegedly owed for tax years 1996 through 2001. The United States ("the government") has counterclaimed for $36,025.17 for taxes, penalties, and interest allegedly owed and unpaid by Mr. Heger for the 2006 tax year. Mr. Heger has moved for summary judgment regarding the taxes and penalties for 1996 through 2001 on the grounds that he had no taxable income for those years and that the IRS failed to furnish

him notices of deficiency for the amounts allegedly owed. The government has filed a cross-motion to dismiss the claims of Mr. Heger insofar as they are based on the contention that the taxes and penalties were imposed absent notices of deficiency. Both motions have been briefed and argued and are ready for disposition.

## BACKGROUND[1]

On March 20, 2008, Cornerstone Title Company issued checks of $311,640.36 and $475.75 payable to the IRS for taxes, penalties, and interest allegedly owed by Mr. Heger for tax years 1996 through 2001. Compl. ¶¶ 1, 5; Addendum to Pl.'s Mot. for Partial Summary Judgment ("Pl.'s Addendum") Exs. B–1, B–2. Apparently, the tax obligations were secured by liens on a property owned by Mr. Heger as a result of a bequest made by Mr. Heger's father, and those obligations were satisfied and the liens removed by the payment by the title company out of proceeds received upon sale of the property. Compl. ¶ 5; Pl.'s Mot. for Partial Summary Judgment ("Pl.'s Mot.") at 8.

On November 24, 2008, Mr. Heger submitted a letter to the IRS Commissioner in Washington, D.C., requesting a refund of the money paid. See Pl.'s Addendum Ex. A. In the letter, Mr. Heger contended that "for years 1996 [through] 2001 I did not have any taxable income and therefore am entitled to [a full] refund." Id. The IRS did not respond to Mr. Heger's refund request. Compl. ¶ 9. After passage of considerable time, on September 27, 2010, Mr. Heger mailed a request for records invoking the Freedom of Information Act to an IRS office located in Chamblee, Georgia. See Notice of Errata Ex. A. This request specifically sought copies of any available notices of deficiency, and any proof of their mailing, related to his income taxes for tax years 1996 through 2001. Id.[2] The IRS did not respond to Mr. Heger's request. Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 3.

---

1. The recitation of background information does not constitute findings of facts by the court and is given solely to provide a context for deciding the current motions. Unless otherwise noted, however, the circumstances appear to be undisputed.

2. The IRS cannot begin proceedings to collect a tax deficiency until it has mailed the taxpayer in question a notice of that deficiency. See 26 U.S.C. ("I.R.C.") § 6213(a).

Roughly six months later, on March 2, 2011, Mr. Heger filed the complaint in the present action. The government's answer denied Mr. Heger's claims and asserted a counterclaim of $36,025.17 for taxes allegedly unpaid by Mr. Heger for the 2006 tax year. Although neither party has directly addressed the counterclaim in the pending motions, the dispute over taxes for 2006 appears to stem from Mr. Heger's alleged failure to report as income his receipt of $206,775 from a life insurance and annuity company in that year. *See* Def.'s Opp'n to Pl.'s Mot. ("Def.'s Opp'n") Exs. 12, 14.

On August 23, 2011, Mr. Heger moved for partial summary judgment on his refund claims for the 1996 through 2001 tax years, arguing in accord with his complaint that he had no taxable income for those years and that the IRS had failed to furnish him with notices of deficiency. Thereafter, on October 18, 2011, Mr. Heger filed an addendum to his motion consisting of, among other things, a copy of the original refund-request letter sent to the IRS Commissioner. *See* Pl.'s Addendum Ex. A. On October 26, 2011, in light of the addendum, the government moved to dismiss Mr. Heger's complaint in part. The government contends that Mr. Heger's refund request to the IRS Commissioner, if construed as an administrative refund claim, raises only the no-taxable-income argument. *See* Def.'s Mot. to Dismiss ("Def.'s Cross–Mot."). As a consequence, the government takes the position that the other claim raised by Mr. Heger, that he was never provided with notices of deficiency, must be dismissed for lack of jurisdiction under the so-called variance doctrine. *See id.* at 4–5. Given this jurisdictional contention, the court will turn first to the government's cross-motion.

## I. The Government's Motion to Dismiss

### A. Jurisdiction

■ The Tucker Act, 28 U.S.C. § 1491(a)(1), grants this court jurisdiction over federal tax-refund claims. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir.2002); *Dominion Res., Inc. v. United States*, 97 Fed.Cl. 239, 246 (2011); *cf.* 28 U.S.C. § 1346(a)(1) (providing that district courts shall have jurisdiction concurrent with

the Court of Federal Claims to consider tax-refund suits). The plaintiff bears the burden of demonstrating that each of his or her claims falls within this jurisdictional grant. *See Barrett v. Nicholson*, 466 F.3d 1038, 1041 (Fed.Cir.2006) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188– 89, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). In doing so, although "unchallenged allegations of the complaint should be construed favorably to the pleader," *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), disputed jurisdictional facts must be proved by a preponderance of the evidence, *see Nez Perce Tribe v. United States*, 83 Fed.Cl. 186, 188 (2008). In this respect, Mr. Heger's *pro se* pleadings are to be construed liberally, but leniency alone cannot relieve Mr. Heger of his burden to show jurisdiction. *See, e.g., Jackson v. United States*, 100 Fed.Cl. 34, 39 (2011) (quoting *Riles v. United States*, 93 Fed.Cl. 163, 165 (2010) (in turn citing *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed.Cir.2002))).

■ In tax-refund cases, the variance doctrine limits this court's jurisdiction. *Ottawa Silica Co. v. United States*, 699 F.2d 1124, 1139 (Fed.Cir.1983). The doctrine springs from I.R.C. § 7422(a), which requires taxpayers to file a refund claim with the IRS before proceeding with an action in court for refund, and 26 C.F.R. § 301.6402–2(b)(1), which instructs taxpayers that a "claim must set forth in detail each ground upon which a . . . refund is claimed and facts sufficient to apprise the [IRS] of the exact basis thereof." "Courts have long interpreted [these two provisions] as stating a 'substantial variance' rule which bars a taxpayer from presenting claims in a tax refund suit that 'substantially vary' the legal theories and factual bases set forth in the tax refund claim presented to the IRS." *Lockheed Martin Corp. v. United States*, 210 F.3d 1366, 1371 (Fed.Cir.2000) (citing *Cook v. United States*, 599 F.2d 400, 406 (Ct.Cl.1979)); *see also Marandola v. United States*, 76 Fed.Cl. 237, 243 (2007)

(Under the variance doctrine, "to be addressed by a court, both the legal and factual grounds for a refund claim must first have been presented by the taxpayer to the IRS."). This prohibition on presenting new claims to the trial court serves to give the IRS fair notice at the administrative level of the nature of the claims it must correct or defend. *See Lockheed Martin*, 210 F.3d at 1371; *Union Pac. R.R. Co. v. United States*, 389 F.2d 437, 442 (Ct.Cl.1968).

## B. Analysis

The issue presented by the government's cross-motion to dismiss is whether any of the claims set out in the complaint "substantially vary" from the claim or claims Mr. Heger submitted to the IRS via the letter sent to the IRS Commissioner. A comparison of the two submissions shows that the refund request alleges only one basis for recovery, which states in full: "for years 1996, 1997, 1998, 1999, 2000 and 2001 I did not have any taxable income and therefore am entitled to the refund of the $311,640.36." Pl.'s Addendum Ex. A. In contrast, Mr. Heger's complaint sets out two bases for recovery. The first, titled "Factual and Legal Basis for Claim; Non–Receipt of Taxable Income," states that "any income [Mr.] Heger received for the years in question was not taxable as contemplated under ... [f]ederal [s]tatutes." Compl. ¶ 7. The second, titled "Factual and Legal Basis for Claim; Failure to Issue Statutory Notice of Deficiency," states that "the IRS failed to issue [Mr.] Heger a statutory notice [of] deficiency for the years 1996 through 2001, inclusive.... [I]f [Mr.] Heger had taxable income on which the IRS believed he owed taxes and had not paid, a tax deficiency would have issued." Compl. ¶ 8.

■ In short, neither the facts nor the legal theory of Mr. Heger's notice-of-defi-

ciency argument were expressed in his refund request. As the Supreme Court opined in *United States v. Garbutt Oil Co.*, 302 U.S. 528, 533, 58 S.Ct. 320, 82 L.Ed. 405 (1938), the IRS Commissioner is "entitled to take [the claim] at face value and to examine only the points to which [the taxpayer] directed his attention." *See also Lockheed Martin*, 210 F.3d at 1371 (grounds for refund must be "expressly" or "impliedly" contained in the administrative claim for a refund (quoting *Burlington N., Inc. v. United States*, 684 F.2d 866, 868 (Ct.Cl.1982))).

■ Given these general principles, Mr. Heger submits two reasons why the claim should not be dismissed. First, he contends that his notice-of-deficiency argument is only a specific variant of his more general claim that he had no taxable income from 1996 through 2001. Pl.'s Opp'n at 4–5. However, as explained by the Federal Circuit, "the general claim doctrine [applies] where (1) the taxpayer has filed a formal general claim [with the IRS] within the limitations period; and (2) an amendment is filed outside the limitations period that makes the general claim more specific." *Computervision Corp. v. United States*, 445 F.3d 1355, 1368 (Fed. Cir.2006) (citing *United States v. Andrews*, 302 U.S. 517, 524, 58 S.Ct. 315, 82 L.Ed. 398 (1938)). Here, Mr. Heger seeks to amend a claim before a court, not a claim still before the IRS. In this case, there is no indication that the IRS considered, or logically should have considered, whether it had sent notices of deficiency as part of its deliberations related to Mr. Heger's refund request. Both factually and legally, the notice-of-deficiency contention is "unrelated" to the no-taxable-income claim. *Computervision*, 445 F.3d at 1369 (citing *United States v. Henry Prentiss & Co.*, 288 U.S. 73, 83, 53 S.Ct. 283, 77 L.Ed. 626 (1933)).[3]

---

**3.** In this vein, Mr. Heger contends that his refund request denying taxable income encompasses his notice-of-deficiency argument because, without a notice of deficiency, the IRS could not collect any tax from him. Based upon these postulates, Mr. Heger concludes that he necessarily had no taxable income. *See* Pl.'s Opp'n at 5. This reasoning is unpersuasive. While there is no question that "notice is generally a prerequisite to any attempt by the IRS to assess or collect on [a] deficiency," *Bush v. United States*, 655

F.3d 1323, 1328 (Fed.Cir.2011) (*en banc*) (citing *Commissioner v. Shapiro*, 424 U.S. 614, 618, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976)), such notice bears on the IRS' ability to collect the tax, not the existence of taxable income in the first instance. *Cf. Philadelphia & Reading Corp. v. United States*, 944 F.2d 1063, 1073 (3d Cir.1991) (positing that the IRS may correct a failure to issue a notice of deficiency simply by reassessing

■ Second, Mr. Heger argues that the IRS waived its variance defense by failing to respond to his administrative refund request. Pl.'s Opp'n at 6–7. However, waiver only applies "if the IRS considers that specific claim" during administrative proceedings. *Computervision,* 445 F.3d at 1365. Similar to the rationale behind the general-claim exception, the waiver exception is concerned with notice to the IRS. When the IRS chooses to examine a taxpayer's claim, even though the taxpayer did not specifically set it out in his or her refund request, the IRS has notice of that claim. *See id.* at 1366 (In this situation, it is "unmistakable that the Commissioner has in fact seen fit to dispense with [the] formal requirements and to examine the merits of the claim." (alteration in original) (quoting *Angelus Milling Co. v. Commissioner,* 325 U.S. 293, 297, 65 S.Ct. 1162, 89 L.Ed. 1619 (1945))). Therefore, when the IRS relies on grounds not stated in a taxpayer's administrative claim, the IRS waives the variance defense as to those grounds. *See id.* (citing *Consolidated Coppermines Corp. v. United States,* 296 F.2d 743, 744 (Ct.Cl. 1961)). In this case, just the opposite has occurred. Mr. Heger has failed to demonstrate that the IRS considered his claim at all, much less that it considered the notice-of-deficiency ground presented in his complaint. *See Cencast Servs., L.P. v. United States,* 94 Fed.Cl. 425, 443 (2010) ("Plaintiffs must present specific evidence that they 'adequately alerted the [IRS] to the fact that the item is a ground for refund.'" (quoting *Davis v. United States,* 21 Cl.Ct. 84, 86 (1990))). Consequently, the IRS has not waived its variance defense.

Because Mr. Heger's refund request to the IRS Commissioner only contended that Mr. Heger had no taxable income from 1996 through 2001, Mr. Heger did not raise, explicitly or implicitly, the notice-of-deficiency claim now proffered to this court. Accordingly, that aspect of his complaint for refund must be dismissed for lack of jurisdiction.

## II. Mr. Heger's Motion for Summary Judgment

### A. Standards for Decision

Summary judgment can be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Rules of the Court of Federal Claims ("RCFC"); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Because the party moving for summary judgment bears the burden of demonstrating the absence of any genuine issue of material fact, *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (alteration in original) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)); *see also AEY, Inc. v. United States,* 99 Fed.Cl. 300, 304 (2011).

■ In tax-refund suits generally, "the taxpayer bears the burden of establishing the right to a refund." *Stobie Creek Invs. v. United States,* 82 Fed.Cl. 636, 663 (2008) (quoting *Abrahamsen v. United States,* 228 F.3d 1360, 1364 (Fed.Cir.2000)), *aff'd,* 608 F.3d 1366 (Fed.Cir.2010); *see also Cook v. United States,* 46 Fed.Cl. 110, 115–16 (2000). Additionally, an IRS assessment will be presumed correct unless it is "naked," that is, "arbitrary in the sense that the calculation has no support and the true amount of tax owed is incapable of being ascertained." *Cencast Servs.,* 94 Fed.Cl. at 453 (quoting *United States v. Schroeder,* 900 F.2d 1144, 1149 (7th Cir.1990)).

Against this background of common-law-derived procedures, *see Cook,* 46 Fed.Cl. at 116, Congress enacted I.R.C. § 7491, *see* Internal Revenue Service Restructuring and Reform Act of 1998, Pub.L. No. 105–206, § 3001(a), 112 Stat. 685, 726–27. Under this statute, a taxpayer may shift to the IRS the burden of proof "with respect to any factual

the tax, so long as the statute of limitations has    not expired).

issue relevant to ascertaining the liability of the taxpayer" if the taxpayer "introduces credible evidence" and meets other conditions. I.R.C. § 7491(a)(1); *see Jade Trading, LLC v. United States*, 80 Fed.Cl. 11, 46 (2007), *aff'd in part, rev'd in part, vacated in part, and remanded · in part on other grounds, sub nom. Jade Trading, LLC ex rel. Ervin v. United States*, 598 F.3d 1372 (Fed.Cir.2010).

## B. Analysis

Mr. Heger contends that he is entitled to summary judgment on two independent grounds. First, he argues that it is undisputed that the IRS failed to send him notices of deficiency for the taxes allegedly owed from 1996 through 2001, thus invalidating collection of the taxes. Pl.'s Mot. at 4–5. Second, he argues that the IRS has not produced evidence substantiating its assessments for those years, so those assessments are "naked" and invalid regardless of whether he produces proof of his own showing that he is entitled to a refund. *Id.* at 11–12. The government responds that Mr. Heger bears the burden of proof on this motion, that he has not carried that burden with competent evidence, and that, in any event, the government has produced evidence showing that material facts remain in dispute. Def.'s Opp'n at 2–3, 5.

Mr. Heger's first ground for summary judgment, that he did not receive notices of deficiency, fails because it varies from the basis of his administrative refund request. *See supra,* at 264–65.

Mr. Heger's second ground for summary judgment, essentially that the IRS has failed to carry its burden of proof, requires discussion. Mr. Heger primarily relies on I.R.C. § 7491, arguing that the government has the

burden of proof and therefore he need not come forward with any affirmative evidence to prevail at summary judgment. It is true that "the moving party is entitled to a judgment as a matter of law [if] the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548 (internal quotation marks omitted). It is also true that I.R.C. § 7491 shifts the burden of proof to the government under certain conditions. If those conditions were met, then the government could conceivably be required to come forward with evidence of disputed material facts.

■ Mr. Heger's submissions, however, fail to meet the conditions of I.R.C. § 7491. The statute requires the taxpayer to bring forward "credible evidence." I.R.C. § 7491(a)(1); *see Stobie Creek,* 82 Fed.Cl. at 663 (citing *Long· Term Capital Holdings v. United States,* 330 F.Supp.2d 122, 166 (D.Conn.2004)).[4] Evidence held by courts to be credible includes expert witness reports and testimony, *see Okerlund v. United States,* 53 Fed.Cl. 341, 345, 355–56 (2002), *aff'd,* 365 F.3d 1044 (Fed.Cir.2004), and documentary evidence presented at trial, *see Southgate Master Fund, LLC ex rel. Montgomery Capital Advisors, LLC v. United States,* 651 F.Supp.2d 596, 649 (N.D.Tex. 2009), *aff'd,* 659 F.3d 466 (5th Cir.2011). Contrastingly, Mr. Heger has presented only the assertions made in his pleadings and declarations. These submissions are not credible evidence under I.R.C. § 7491. *See Kolbeck v. Commissioner,* 90 T.C.M. (CCH) 459, 2005 WL 2848030, at *2 (2005) (sworn affidavit in lieu of inaccessible tax records held not credible); *Evan v. Commissioner,*

---

4. Section 7491's accompanying legislative history defines the term "credible evidence" as:

[T]he quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness). A taxpayer has not produced credible evidence for these purposes if the taxpayer merely makes implausible factual assertions, frivolous claims, or tax protestor-type arguments. The introduction of evidence will not meet this standard if the court is not convinced

that it is worthy of belief. If after evidence from both sides, the court believes that the evidence is equally balanced, the court shall find that the Secretary has not sustained his burden of proof.

H.R.Rep. No. 105–599, at 240–41 (1998), 1998 U.S.C.C.A.N. 288 (Conf. Rep.). The definition was not included in the statute itself, so the court considers it to be merely informative rather than authoritative. *Cf. United States v. Louisiana,* 394 U.S. 11, 38–39, 89 S.Ct. 773, 22 L.Ed.2d 44 (1969); *Teledyne, Inc. v. United States,* 50 Fed.Cl. 155, 174 (2001).

T.C.M. (RIA) 2004–180, 2004 WL 1730295, at *3, *7–8 (2004) (petitioners' unsubstantiated oral and written testimony held not credible); *Higbee v. Commissioner*, 116 T.C. 438, 444 (2001) (self-generated receipts of charitable donations held not credible).

In the absence of Section 7491's burden-shifting provisions, Mr. Heger bears the burden of proof and so must affirmatively produce evidence demonstrating that "there is no genuine dispute as to any material fact." RCFC 56(a); *see Monarch Knitting Mach. Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 880–81 (Fed.Cir.1998). This he has failed to do. As just discussed, the only evidence produced by Mr. Heger thus far is his own pleadings and declarations. These are insufficient as sources of evidence not only for Section 7491 purposes, but for summary judgment as well. *See Applied Cos. v. United States*, 144 F.3d 1470, 1475 (Fed.Cir.1998) (a single affidavit containing "a conclusory statement on the ultimate issue does not create a *genuine* issue of fact" (quoting *Imperial Tobacco Ltd. v. Philip Morris, Inc.*, 899 F.2d 1575, 1581 (Fed.Cir. 1990))); *cf. Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (summary judgment may be opposed by the evidentiary materials permitted in Rule 56 "*except the mere pleadings themselves*" (emphasis added)); *Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 626–27 (Fed.Cir.1984) ("In countering a motion for summary judgment, more is required than mere assertions of counsel."). This is so even though the government faces a major obstacle of its own, *i.e.*, that it reportedly has lost or destroyed the administrative file for Mr. Heger's tax years prior to 2001. *See* Def.'s Opp'n at 8 n. 4. As noted in *Jenkins v. United States*, 101 Fed.Cl. 122, 130 (2011), while the loss of a taxpayer-plaintiff's IRS administrative file "did not shift the burden of proof . . ., it did require [the government] to show that a *prima facie* case for the assessment of the penalty existed, *i.e.*, that the assessment was not naked."

The factual inferences arising from the IRS' missing files do not themselves serve to perfect the deficiencies in Mr. Heger's evidence to support summary judgment. *See Broomall Indus., Inc. v. Data Design Logic Sys., Inc.*, 786 F.2d 401, 405 (Fed.Cir.1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). Notwithstanding the missing files, the government has made a showing that material facts remain in dispute. The government has submitted a Form 4340 Certificate of Assessments and Payments for each tax year in question. *See* Def.'s Opp'n Exs. 1–6. These certificates are presumed valid, *see Dallin ex rel. Estate of Young v. United States*, 62 Fed.Cl. 589, 600 (2004); *see also Brach v. United States*, 98 Fed.Cl. 60, 67 n. 13 (2011), *aff'd on other grounds*, 443 Fed. Appx. 543 (Fed.Cir.2011), and raise the possibility that Mr. Heger had taxable income for each year. In particular, each form notes a "substitute for return," *e.g.*, Def.'s Opp'n Ex. 1, at A–2, and several award Mr. Heger a "withholding credit," *id.* Ex. 1, at A–2; Ex. 3, at A–12; Ex. 4, at A–17. Moreover, for the 2001 tax year, the government has furnished additional documents. One such document is a letter from the IRS to Mr. Heger that states "we [the IRS] have figured your tax and proposed penalties based on the information your employers, banks, and other payers reported on Forms W–2, W–2P, 1099, etc." *Id.* Ex. 11, at A–40. Another is an Income Tax Examination Changes chart, which lists several sources of income for Mr. Heger: "Non–Employee Compensation," "Wages," and "Dividends." *Id.* Ex. 13, at A–44. This evidence is sparse, but it is enough to show "that a reasonable [judge] could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *see Dallin*, 62 Fed.Cl. at 600–01.

In conclusion, Mr. Heger's summary judgment motion fails because material facts remain in dispute. In this instance, although the court strongly disfavors seriatim motions for summary judgment, either party may move for summary judgment in the future if the party can demonstrate, after adequate time for discovery, a record free of genuine disputes of material fact. *See Metropolitan Life Ins. Co. v. Bancorp Servs., L.L.C.*, 527 F.3d 1330, 1336–37 & n. 3 (Fed.Cir.2008). Otherwise, a trial will be required.

## CONCLUSION

For the reasons stated, Mr. Heger's motion for partial summary judgment is DENIED, and the government's motion to dismiss the complaint in part is GRANTED. The parties shall file a joint preliminary status report on or before February 21, 2012.

It is so ORDERED.