T.C. Memo. 2012-156

UNITED STATES TAX COURT

DAVID W. BAUER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16638-10.                     Filed June 4, 2012.

<u>Keith Howard Johnson</u>, <u>Adam L. Heiden</u>, and <u>Kenneth M. Bracewell, Jr.</u>, for

petitioner.

<u>Anne M. Craig</u> and <u>Robert Walter Dillard</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  On July 1, 2010, respondent issued a notice of deficiency

determining the following deficiencies in petitioner's Federal income taxes and

accuracy-related penalties under section 6662(a):[1]

|  | | Penalty |
| Year | Deficiency | Sec. 6662(a) |
| 2006 | $15,576 | $3,115.20 |
| 2007 | 15,840 | 3,168.00 |
| 2008 | 10,871 | 2,174.20 |

The issues for decision are: (1) whether petitioner is entitled to deduct contract labor expenses in excess of the expenses allowed by respondent[2] and (2) whether petitioner is liable for accuracy-related penalties under section 6662(a).[3]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by this reference. Petitioner resided in Florida when the petition was filed.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the tax years at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent allowed petitioner to deduct contract labor expenses of $12,240, $11,308, and $11,548 for tax years 2006, 2007, and 2008, respectively. Petitioner claims that he is entitled to deduct additional contract labor expenses of $43,489, $42,390, and $30,702 for the same tax years.

[3]Other adjustments made to petitioner's Federal income tax returns are computational. The computational adjustments are not in controversy and will not be discussed.

During 2006, 2007, and 2008, the tax years at issue, petitioner was an independent contractor hired to relocate families and individuals by moving their furniture, appliances, and other household goods. In a typical transaction petitioner was responsible for packing household goods, loading them into a truck or trailer, transporting the goods, and, upon reaching the designated destination, unloading and unpacking the goods.

Petitioner generally hired contract laborers to help pack, load, and unload household goods, appliances, and furnishings. To hire contract laborers, petitioner would contact the local moving company agent. At most the contract laborers were hired for three to four days, which included one to two days for packing and one to two days for loading the truck. Although petitioner might retain the same contract laborer for more than one day, the number of contract laborers hired for packing as compared to loading differed. Petitioner paid the contract laborers about $10 to $15 per hour, which, per worker, typically did not exceed $600.[4] Payments were made in cash because, according to petitioner, contract laborers hired "on the road" do not accept any other form of payment.

---

[4]Although petitioner testified that he sometimes paid a contract laborer up to $20 per hour, this rate was reserved for jobs involving (1) an expensive locale, e.g., Massachusetts, (2) stairs, e.g., a third floor walkup, and (3) high-end furniture.

Except for a logbook[5] in which petitioner recorded the sums of his expenses for a relocation project, he did not document details of how much he paid each contract laborer. Petitioner did not record the names or Social Security numbers of the contract laborers he employed because, as he testified at trial, they generally did not want to give their identification and Social Security numbers to a transient truck driver. Petitioner did not issue any Forms 1099-MISC, Miscellaneous Income, reporting the amounts paid.

For each tax year at issue petitioner filed a Form 1040, U.S. Individual Income Tax Return, and attached a Schedule C, Profit or Loss From Business, reporting gross receipts from his relocation business of $199,031, $183,865, and $187,773, respectively. Petitioner also reported corresponding contract labor expenses of $55,729, $53,698, and $42,250.

---

[5]At trial petitioner acknowledged that the logbook was incomplete and, at times, inaccurate. Not only is the logbook missing entries for periods during the tax years at issue, but also the sums of petitioner's contract labor expenses do not match the expenses claimed on his returns. According to petitioner's testimony, the logbook supposedly documents contract labor expenses totaling $40,390, $45,260, and $39,298 for 2006, 2007, and 2008, respectively.

On July 1, 2010, respondent issued a notice of deficiency to petitioner disallowing in part his claimed expense deductions for contract labor.[6] Petitioner timely filed a petition with the Court.

OPINION

I.  Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving them wrong. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Taxpayers also bear the burden of proving that they are entitled to any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must maintain sufficient records to establish the amounts of allowable deductions and to enable the Commissioner to determine the taxpayers' correct tax liabilities. See sec. 6001; Shea v. Commissioner, 112 T.C. 183, 186 (1999); sec. 1.6001-1(a), Income Tax Regs.

Section 7491(a) provides an exception that shifts the burden of proof to the Commissioner. The burden of proof regarding a claimed deduction shifts to the Commissioner if the taxpayer introduces credible evidence regarding relevant

---

[6]See supra note 2.

factual issues and meets certain statutory requirements, including substantiation of any item. Sec. 7491(a). Taxpayers bear the burden of proving that they have met the requirements to shift the burden of proof to the Commissioner. Rolfs v. Commissioner, 135 T.C. 471, 483 (2010), aff'd, 668 F.3d 888 (7th Cir. 2012).

Petitioner claims that he met the requirements to shift the burden of proof to respondent because he substantiated his contract labor expenses with a logbook and testimonial evidence. Although the logbook purports to document petitioner's daily expenses during the tax years at issue, its omission of periods of time and, as petitioner acknowledges,[7] its mathematical errors and other inconsistencies, undermine the credibility of the logbook and the expenses recorded therein. The Court does not accept the logbook as credible evidence within the meaning of section 7491(a), nor does the Court accept petitioner's uncorroborated and self-serving testimony to overcome the logbook's unreliability. See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Thus, the Court holds that petitioner has not shown that he complied with the requirements of section 7491(a), and the burden of proof remains with him.

---

[7]See supra note 5.

II.  Contract Labor Expenses

Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred by a taxpayer in carrying on a trade or business.  In general, payments made or incurred by a trade or business for personal services rendered are ordinary and necessary business expenses and may be deducted under section 162(a).  Sec. 1.162-7(a), Income Tax Regs.

If a taxpayer establishes that he or she paid a deductible business expense but cannot substantiate the precise amount, the Court may estimate the amount of the deductible expense, bearing heavily upon the taxpayer whose inexactitude is of his own making.  See Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930).  In order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

For the tax years at issue petitioner claimed business expense deductions for contract labor payments, which respondent, without disputing that the payments are ordinary and necessary within the meaning of section 162(a), disallowed in part for lack of substantiation.  To estimate petitioner's allowable deductions for contract labor expenses, respondent used the 2006 average contract labor expense

ratio for sole proprietors of long-distance freight trucking as reported by BizStats (BizStats reports).[8] At trial petitioner disagreed with the BizStats reports and, as an alternative basis upon which to estimate his contract labor expenses, submitted a BizMiner report for a sole proprietor's household goods transport business (BizMiner report).[9] Although neither report defines the respective industries, both

---

[8]BizStats collects and analyzes public data to provide a free online source for small business statistics. See BizStats, http://www.bizstats.com (follow "About" hyperlink) (last visited May 30, 2012). BizStats is owned and operated by Brandow Co., which also owns and operates BizMiner, discussed below. Id.

The BizStats reports list, among other things, the average ratio of contract labor expenses to sales for 2006, which is 6.15%. Respondent did not use average ratios, if available, for 2007 and 2008 and instead repeats the 2006 ratio for tax years 2007 and 2008. Using the BizStats reports respondent multiplies the 2006 ratio for contract labor expenses by petitioner's Schedule C gross income for each tax year at issue. The result: contract labor expenses equal to $12,240, $11,308, and $11,548 for 2006, 2007, and 2008, respectively, the same amounts allowed by the notice of deficiency.

[9]Similar to BizStats, BizMiner is an online resource that provides industry statistical reports. See BizMiner, http://bizminer.com (follow "About BizMiner" hyperlink) (last visited May 30, 2012). According to the BizMiner report, the "Contract Labor-Commissions" line item is reserved for nonemployee labor, sales, and related costs. The 2006 average ratio of contract labor expenses to revenue is 6.39%. This ratio, when applied to petitioner's Schedule C gross income for each tax year at issue, generates the following contract labor expenses: $12,718, $11,749, and $11,999 for 2006, 2007, and 2008, respectively.

parties agreed that long-distance freight trucking was not the exact industry in which petitioner was engaged.[10]

Despite respondent's attempt to show that the BizStats reports are a reasonable basis upon which the Court may estimate petitioner's expenses for contract labor, the Court declines to use the BizStats reports. The Court holds that petitioner's relocation business is not long-distance freight trucking because it includes additional services such as packing and moving furniture and other household goods.[11] Moreover, unlike moving freight, which is generally palletized and transported in a container, moving household goods and furniture requires additional care to prevent damage to the items. The Court therefore finds

---

[10]At trial respondent's witness, Minnie Vaughan, the tax compliance officer who reviewed petitioner's returns for the tax years at issue, described long-distance freight trucking as an "over the road trucker". When asked by respondent whether long-distance freight trucking was the exact industry that petitioner was engaged in, Ms. Vaughan said no.

[11]The BizStats reports did not include a definition of long-distance freight trucking. According to the North American Industry Classification System, a standard used by Federal statistical agencies in classifying businesses, long distance general freight trucking businesses handle a wide variety of commodities, generally palletized and transported in a container or van trailer. See http://www.census.gov/cgi-bin/sssd/naics/naicsrch?code=48412&search=2007 NAICS Search (last visited May 30, 2012). Unlike freight trucking, moving household goods includes incidental services such as packing and storage. See http://www.census.gov/cgi-bin/sssd/naics/naicsrch?code=484210&search=2007 NAICS Search (last visited May 30, 2012).

that petitioner's relocation business is more appropriately characterized as a household goods transport business, as analyzed by the BizMiner report. Accordingly, the Court holds that, pursuant to the Cohan rule, petitioner can deduct an estimated amount of contract labor expenses for each tax year at issue using the 2006 average ratio found in the BizMiner report.[12]

III. Accuracy-Related Penalties

A taxpayer is liable for an accuracy-related penalty on any part of an underpayment attributable to, among other things, negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence includes any failure to make a reasonable attempt to comply with the law, including any failure to maintain adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Disregard of rules or regulations includes any careless, reckless, or intentional disregard. Sec. 1.6662-3(b)(2), Income Tax Regs.

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Respondent has met the burden of production because, except for an incomplete

---

[12]Respondent applied the 2006 average ratio from the BizStats report for each tax year at issue, without providing the Court the 2007 and 2008 average ratios, if available. The Court, therefore, holds that the 2006 average ratio from the BizMiner report similarly applies for each tax year at issue.

and inaccurate logbook, petitioner failed to maintain any books or records to properly substantiate his contract labor expenses for the tax years at issue.

Taxpayers may, however, avoid the accuracy-related penalty under section 6662(a) by establishing that they acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448. The decision as to whether taxpayers acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Although inadequate to substantiate his expenses, petitioner's logbook demonstrates that, given the circumstances of his profession, he made a good faith effort to maintain a record of his contract labor expenses for substantiation purposes. Petitioner paid each contract laborer less than the $600 reporting threshold amount of section 6041(a).[13] Therefore, except for substantiation purposes, petitioner did not have a business reason to keep detailed records of payments made to contract laborers. Moreover, because petitioner generally hired itinerant workers, he was compelled to make payments in cash. Although he did

---

[13]Sec. 6041(a) for the tax years at issue required all persons engaged in a trade or business and making payment in the course of such trade or business of $600 or more to file appropriate returns using a Form 1099-MISC.

not use the more reliable recording options available for other types of payments, petitioner kept hand notations of his cash payments in a logbook.

Accordingly, even though petitioner's attempt to keep a record of his contract labor payments fell short for substantiation purposes, his recordkeeping demonstrates that he made a good faith effort for purposes of section 6662(a). Accordingly, the Court holds that petitioner acted with reasonable cause and good faith. Petitioner is therefore not liable for accuracy-related penalties under section 6662(a) for tax years 2006 through 2008.

The Court has considered the parties' arguments and, to the extent not addressed herein, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.