T.C. Memo. 2013-230

UNITED STATES TAX COURT

SAMUEL KORNHAUSER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2120-12.                                   Filed September 30, 2013.

<u>Samuel Kornhauser</u>, pro se.

<u>Timothy A. Froehle</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a $110,184[1] deficiency in

petitioner's Federal income tax for 2008.  Respondent also determined additions to

tax for 2008 of $24,509, $15,250, and $3,531 under sections 6651(a)(1) and (2)[2]

---

[1]All amounts are rounded to the nearest dollar.

[2]Unless otherwise indicated, all section references are to the Internal

(continued...)

**[*2]** and 6654, respectively. After concessions,[3] there are four issues for decision. The first issue is whether petitioner had certain unreported income. We hold he did. The second issue is whether petitioner is entitled to any deduction or credit beyond those allowed in the deficiency notice. We hold he is not. The third issue is whether petitioner is liable under section 6651(a)(1) for the addition to tax for failure to timely file a tax return. We hold he is. The final issue is whether petitioner is liable for the addition to tax for failure to pay estimated tax under section 6654. We hold he is.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Those exhibits attached to the stipulations which were found admissible are incorporated by this reference. Petitioner resided in California when the petition was filed.

Petitioner is a practicing attorney and is admitted to practice before this Court. Petitioner did not file a Federal income tax return for 2007. Petitioner failed to timely file a Federal income tax return for 2008. Petitioner made one

---

[2](...continued)
Revenue Code (Code), as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]Respondent concedes that petitioner is not liable for the $15,250 addition to tax under sec. 6651(a)(2) for failing to pay income tax for 2008. The remaining issues are computational and need not be addressed.

[*3] estimated tax payment of $1,000 and had total tax withholding of $254 for 2008. Respondent prepared a substitute for return (2008 substitute return) on petitioner's behalf for 2008. Thereafter respondent sent petitioner a deficiency notice for 2008, determining petitioner received and failed to report several items of income.

After the deficiency notice was issued, petitioner sent respondent a signed Form 1040, U.S. Individual Income Tax Return, for 2008 (2008 submitted return). Respondent received but did not process the 2008 submitted return. On the 2008 submitted return petitioner reported receiving all of the unreported income items in the deficiency notice in amounts equal to or greater than the amounts respondent determined. Petitioner also claimed various deductions and credits on the 2008 submitted return.

In April 2012 respondent received petitioner's income tax return for 2010. Petitioner reported a loss on the Schedule C, Profit or Loss From Business, attached to the return. Petitioner did not attach to his 2010 tax return a separate statement with a calculation of any claimed net operating loss (NOL). Similarly, petitioner did not attach a separate statement regarding any claimed NOL to the 2008 submitted return.

**[\*4]**   Petitioner filed a petition with this Court challenging respondent's determinations in the deficiency notice.  The Court issued the parties a standing pretrial order under Rule 131(b).  That order in pertinent part states:

> It is ordered that any documents or material which a party expects to use except solely for impeachment, if the case is tried, but which are not stipulated, shall be identified in writing and exchanged by the parties at least 14 days before the first day of the trial session.  The Court may refuse to receive in evidence any document or material that is not so stipulated or exchanged, unless the parties have agreed otherwise or the Court so allows for good cause shown.

At trial petitioner proffered exhibits marked Exhibit 7-P and Exhibit 8-P (collectively, proffered exhibits) for admission into evidence.  The proffered exhibits purportedly contained documents and records substantiating certain deductions and credits, including an NOL carryback, petitioner claimed he was entitled to for 2008.  Respondent objected to the proffered exhibits on the ground that petitioner had failed to provide him with the documents and records included in the proffered exhibits at least 14 days before trial as required by the standing pretrial order.  The Court sustained respondent's objection to the proffered exhibits.  Thereafter the Court allowed petitioner to make offers of proof with respect to the proffered exhibits.  The Court rejected petitioner's offers of proof and again sustained respondent's objection to the proffered exhibits.

**[\*5]**                                    OPINION

I.  Unreported Income

Respondent determined petitioner failed to report various items of income for 2008.  A taxpayer generally bears the burden of proving the Commissioner's determinations incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The U.S. Court of Appeals for the Ninth Circuit, to which this case is appealable absent a stipulation to the contrary, has held that the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-producing activity, or otherwise demonstrate that the taxpayer received unreported income, for the presumption of correctness to attach to the deficiency determination in unreported income cases.  Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977).  If the Commissioner introduces such evidence demonstrating that the taxpayer received unreported income, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency determination was arbitrary or erroneous.  See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97.

Statements made on a tax return signed by the taxpayer are considered binding admissions unless there is "cogent evidence" that indicates such statements are wrong.  Pratt v. Commissioner, T.C. Memo. 2002-279, slip op. at

**[*6]** 13 (citing <u>Waring v. Commissioner</u>, 412 F.2d 800, 801 (3d Cir. 1969), <u>aff'g</u> T.C. Memo. 1968-126); <u>Rankin v. Commissioner</u>, T.C. Memo. 1996-350, slip op. at 21, <u>aff'd</u>, 138 F.3d 1286 (9th Cir. 1998).

Petitioner signed the 2008 submitted return under the penalties of perjury. On the 2008 submitted return petitioner admitted receiving all of the items of income on the deficiency notice in amounts equal to or greater than those respondent determined. We find that respondent has established a "minimal evidentiary foundation" through petitioner's binding admissions to receiving the unreported income on the 2008 submitted return. Respondent having met his initial burden of production, the burden shifts to petitioner to prove the deficiency determination incorrect. <u>See</u> Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111.

Petitioner has never argued or asserted that the income he reported on the 2008 submitted return is incorrect. Rather, he disputes the overall tax liability because it fails to take into account certain deductions and credits to which he contends he is entitled for 2008. Accordingly, we sustain respondent's determinations with respect to all the unreported income items in the deficiency notice for 2008.

**[\*7]** II.  Entitlement to Deductions or Credits for 2008

Petitioner claims he is entitled to certain deductions and credits claimed on the 2008 submitted return and an NOL carryback (from 2010) for 2008. Deductions and credits are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction or credit claimed.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Segel v. Commissioner, 89 T.C. 816, 842 (1987).  Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction or credit by maintaining the records needed to establish such entitlement.  See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87 (1975), aff'd, 540 F.2d 821 (5th Cir. 1976).  A taxpayer's self-serving declaration is generally not a sufficient substitute for records.  Weiss v. Commissioner, T.C. Memo. 1999-17.

Section 7491(a)(1) provides that, subject to certain limitations, where a taxpayer introduces credible evidence with respect to a factual issue relevant to ascertaining the taxpayer's tax liability, the burden of proof shifts to the Commissioner with respect to that issue.  Credible evidence is evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer if no contrary evidence were submitted.  Ruckriegel v. Commissioner,

[*8] T.C. Memo. 2006-78. We have previously found unsupported assertions or testimony insufficient to constitute credible evidence under section 7491. See Bauer v. Commissioner, T.C. Memo. 2012-156; Doudney v. Commissioner, T.C. Memo. 2005-267; Kolbeck v. Commissioner, T.C. Memo. 2005-253; Davis v. Commissioner, T.C. Memo. 2005-160; Evan v. Commissioner, T.C. Memo. 2004-180; see also Blodgett v. Commissioner, 394 F.3d 1030, 1036 (8th Cir. 2008), aff'g T.C. Memo. 2003-212; Heger v. United States, 103 Fed. Cl. 261, 266-267 (2012).

Section 7491(a)(1) applies only if the taxpayer complies with the relevant substantiation requirements in the Internal Revenue Code, maintains all required records, and cooperates with the Commissioner with respect to witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2)(A) and (B). The taxpayer bears the burden of proving compliance with the conditions of section 7491(a)(2)(A) and (B). See, e.g., Ruckriegel v. Commissioner, T.C. Memo. 2006-78.

Petitioner argues the burden of proof shifted to respondent under section 7491 because he provided credible evidence as to his entitlement to the deductions and credits claimed on the 2008 submitted return and as to his entitlement to an NOL carryback deduction for 2008. The credible evidence petitioner contends he

**[\*9]** offered is his testimony as well as the documents and records contained in the proffered exhibits. Contrary to petitioner's assertion, the proffered exhibits and his testimony did not constitute credible evidence. The proffered exhibits did not constitute credible evidence as the Court excluded them from evidence for petitioner's failure to provide them to respondent at least 14 days before trial as required under the standing pretrial order.[4]

Petitioner's testimony concerning his entitlement to the relevant deductions and credits did not constitute credible evidence either. It is well established that this Court is not bound to accept a taxpayer's self-serving and unverified

---

[4]Materials not provided in compliance with the Court's standing pretrial order may be excluded from evidence. Moretti v. Commissioner, 77 F.3d 637, 644 (2d Cir. 1996) (affirming a Tax Court ruling excluding from evidence documents from a pro se taxpayer not produced in compliance with the standing pretrial order and stating: "[T]he Tax Court acted within its discretion in excluding the documents."); Gaitor v. Commissioner, T.C. Memo. 2012-297; Griffin v. Commissioner, T.C. Memo. 2010- 252, slip op. at 24-25; Kanofsky v. Commissioner, T.C. Memo. 2006-79, slip op. at 8-9, aff'd, 271 Fed. Appx. 146 (3d Cir. 2008); Schaefer v. Commissioner, T.C. Memo. 1998-163, slip op. at 14-15, aff'd without published opinion, 188 F.3d 514 (9th Cir. 1999); see also Rules 104(c)(2), 123(b), 131(b).

The rationale behind this 14-day exchange rule is to allow the opposing party to develop any challenge to the evidence or otherwise rebut or deal with it. Dunn v. Commissioner, T.C. Memo. 1988-45. Additionally, the rule prevents an "ambush" with last-minute evidence that could have been presented to the opposing party during preparation for trial. Id. Moreover, timely exchanging of documents allows the parties to consider resolving some or even all of the issues in a case without the need for trial.

[*10] testimony.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Hradesky v. Commissioner, 65 T.C. 87.  We found petitioner's testimony to be self-serving and uncorroborated and do not accept it.  Even if we did accept petitioner's testimony, it would not constitute credible evidence that would shift the burden to respondent under section 7491.  This is because we find petitioner's testimony lacked specificity and was wholly insufficient to base a decision in his favor as to any deduction or credit he contends he is entitled to for 2008.  Further, we find petitioner failed to show that he complied with the relevant substantiation requirements for any deductions or credits for 2008, maintained all required records, and sufficiently cooperated with respondent as required under section 7491(a)(2)(A) and (B).  Accordingly, the burden of proof with respect to the deductions and credits claimed on the 2008 submitted return and the NOL carryback deduction to which claims he is entitled remains with petitioner.

Petitioner failed to offer sufficient evidence to demonstrate his entitlement to any deduction (including an NOL carryback deduction from 2010) or credit for 2008 in any amount.  We thus sustain respondent's deficiency determination in the deficiency notice.

**[*11]** III.  <u>Additions to Tax</u>

Respondent determined petitioner was liable for an addition to tax under section 6651(a)(1).  That section imposes an addition to tax for failure to file a return on the date prescribed unless the taxpayer can establish the failure is due to reasonable cause and not due to willful neglect.  To prove reasonable cause for a failure to timely file, the taxpayer must show he exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time.  <u>Crocker v. Commissioner</u>, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  The determination of whether reasonable cause exists is based on all the facts and circumstances.  <u>Estate of Hartsell v. Commissioner</u>, T.C. Memo. 2004-211; <u>Merriam v. Commissioner</u>, T.C. Memo. 1995-432, <u>aff'd without published opinion</u>, 107 F.3d 877 (9th Cir. 1997).

Petitioner failed to timely file his Form 1040 for 2008.  Therefore, respondent's burden of production under section 7491(c) with respect to the section 6651(a)(1) addition to tax has been satisfied.  Petitioner has never argued nor has he demonstrated that he exercised the ordinary business care and prudence that would qualify him for relief from the section 6651(a)(1) addition to tax. Consequently, petitioner has not met his burden of persuasion, and respondent's determination is sustained.

**[\*12]** The final issue we consider is respondent's determination that petitioner is liable for addition to tax under section 6654. That section imposes an addition to tax "in the case of any underpayment of estimated tax by an individual." A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year. Sec. 6654(d). A required annual payment generally is equal to the lesser of: (i) 90% of the tax shown on the return for the taxable year (or, if no return is filed, 90% of the tax for the year); or (ii) 100% of the tax shown on the return of the individual for the preceding taxable year. Sec. 6654(d)(1)(B); Wheeler v. Commissioner, 127 T.C. 200, 210-211 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); Heers v. Commissioner, T.C. Memo. 2007-10. If the taxpayer did not file a return for the preceding year, then clause (ii) does not apply. Sec. 6654(d)(1)(B). Unless a statutory exception applies, the section 6654(a) addition to tax is mandatory. Sec. 6654(a), (e); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988). Section 6654 does not provide a general exception for reasonable cause or absence of willful neglect. Grosshandler v. Commissioner, 75 T.C. 1, 21 (1980).

Respondent's burden of production under section 7491(c) requires him to produce evidence that petitioner had a required annual payment for 2008. Because petitioner did not file a Federal income tax return for 2007, his annual required

**[*13]** payment for 2008 is equal to 90% of the tax for 2008. Respondent has satisfied his burden of production by introducing evidence that petitioner made only one estimated tax payment of $1,000, which is insufficient to cover 90% of petitioner's income tax liability for 2008. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioner neither argued nor established any of the defenses enumerated in section 6654(e). Consequently, petitioner has not met his burden of persuasion, and respondent's determinations are sustained. See United States v. Rylander, 460 U.S. 752, 758 (1983); Traficant v. Commissioner, 89 T.C. 501, 504 (1987), aff'd, 884 F.2d 258 (6th Cir. 1989).

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision as to the addition to tax under section 6651(a)(2)will be entered for petitioner to reflect respondent's concession; in all other respects, decision will be entered for respondent</u>.